UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE, et al.,

Plaintiffs,

v.

ACXIOM, LLC, et al.,

Defendants.

Case No. 26-cv-03984-JST

**ORDER CONTINUING CASE MANAGEMENT CONFERENCE**

In light of the pending motions to dismiss, ECF No. 35, and transfer, ECF No. 36, the case management conference scheduled for September 1, 2026 is continued to January 19, 2027 at 2:00 p.m. An updated case management statement is due January 12, 2027.

In connection with that statement, the Court offers two observations.

First, it is obvious that the parties have not read the Court's standing orders. A proposed order the parties recently filed asks the Court to enter an order providing, in part, "The parties shall participate in a settlement conference before the U.S. Magistrate Judge assigned to this case, with such conference taking place no later than thirty (30) calendar days before the dispositive motion deadline." ECF No. 41 at 2. Similarly, in their joint case management statement, the parties state, "The Parties are amenable to a settlement conference before a judicial officer, although they believe such a conference would be premature at this time." ECF No. 40 at 11. The Standing Order for All Civil Cases Before District Judge Jon S. Tigar, however, provides as follows:

> The Court receives many more requests for magistrate judge settlement conferences than it can accommodate. As a result, with limited exceptions, the Court generally does not refer cases for settlement with a magistrate judge unless the parties have already completed one of the other processes set forth in ADR Local Rule 3-

United States District Court
Northern District of California

> 4: Early Neutral Evaluation, Mediation, or Private ADR. Parties who complete one of these processes without reaching a settlement may request referral to a magistrate judge at that time. If the parties believe their case merits an exception to this rule, they should discuss their views in the initial case management statement. If they seek a referral before the initial case management conference, they may file a joint request for an early case management conference.

Standing Order § M. Counsel clearly have not read that order. The Court admonishes counsel to read and comply with the Court's standing orders and the Northern District of California's local rules going forward.

Second, when proposing a deadline in any future filing, the parties must identify a specific date rather than a period of time after (or before) another date, i.e., "March 5, 2028" rather than "thirty calendar days after the close of fact discovery."

**IT IS SO ORDERED.**

Dated: September 1, 2026

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California